IN THE MATTER OF THE ACCOUNTING OF WILLIAM LIVINGSTON, AS EXECUTOR, ETC., OF JAMES EGAN, DECEASED.

*Set-off of judgment — when allowed in favor of an individual, who as executor is directed to pay over money to his own debtor — the surrogate cannot allow it — supplementary proceedings cannot be instituted by a person in his individual capacity against himself in a representative capacity.*

APPEAL from an order made by the surrogate of Queens county, directing the payment by William Livingston to Hattie Lynam of $979.08.

William Livingston individually obtained two judgments in this court against one Thomas Fox, one of which was entered and docketed in the office of the clerk of Queens county, January 13, 1879, for $692.42 and interest from December 26, 1873, and the other was docketed and entered on February 8, 1879, in the same office

for $157.86 and interest from January 10, 1879. On January 12, 1881, an order was made in each of the said actions against Fox, in proceedings supplementary to execution, ordering and requiring William Livingston, as executor, etc., of James Egan, deceased, to appear and be examined concerning any property of the said judgment debtor in the hands of said executor, and as to any indebtedness of said executor to said judgment debtor, and said executor was therein forbidden to transfer or make any disposition of any property belonging to said defendant, Thomas Fox, not exempt by law from execution, or in any manner to interfere therewith until the further order of the court in the premises. Each of said orders, with the affidavits upon which the same were granted, were duly served according to law, upon the said William Livingston, on January 12, 1881, and also on the same day upon the said judgment debtor, Thomas Fox, and the original orders with the judges signature exhibited to each. It appeared that upon his accounting as executor before the surrogate, on December 31, 1880, Livingston had been directed to pay to Fox $979.08 as a dividend upon a judgment recovered by Fox against Eagan, Livingston's testator, during the latter's lifetime. Fox assigned his claim to Hattie Lynam, on January 13, 1881, before he had notice of the supplementary proceedings. On the 31st day of January, 1881, the said Hattie Lynam, by her attorney, John J. Armstrong, Esq., applied to the surrogate of Queens county for an order to show cause why the said William Livingston should not pay the said sum of $979.08 to the said Hattie Lynam, as assignee of the said Thomas Fox. Hearing was had upon such order before said surrogate upon the affidavits of said Hattie Lynam and of said John J. Armstrong, and the affidavit of said William Livingston and papers referred to in the same, and thereupon the surrogate granted the order appealed from, directing said Livingston to pay the $979.08 to Hattie Lynam within fifteen days, or that an attachment issue against him.

The court at General Term said: " Undoubtedly the judgment of William Livingston against Fox was not originally a set-off to a claim of Fox against the estate which Livingston represented. But after Fox's claim was established, and he obtained the decree of the surrogate, directing payment by Livingston, I think such a decree became a demand against Livingston personally, and I think the

set-off might have been established if the executor had brought a suit in equity for the purpose. But the surrogate had no power to try the question of set-off. (*Stilwell* v. *Carpenter*, 59 N. Y., 414.) The order made in supplementary proceedings was, in my opinion, wholly void. While for many purposes a person individually and the same person in a representative capacity are considered different legal persons, it is impossible for a party to sue himself or enjoin himself, no matter in what capacity the proceeding is instituted or defended. (*Cole* v. *Reynolds*, 18 N. Y., 74.)

" The proceeding is necessarily collusive, and therefore void. It follows that the appellant has mistaken his remedy, and that the order appealed from should be affirmed, with costs."

*John H. V. Arnold*, for William Livingston, executor, appellant.

*John J. Armstrong*, for Hattie Lynam, respondent.

Opinion by CULLEN, J.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Order of surrogate affirmed, with costs.